| | |
|---|---|
| KAYLIN NICOLE LAFLEUR, and JUSTIN MICHAEL DUHON, individually and on behalf of their minor children, J'KAYLIN MICAH DUHON, KAITLYN JADE DUHON, and JUSTIN MICHAEL DUHON, JR. | 14TH JUDICIAL DISTRICT COURT |
| VS NO. 2022-293 B | PARISH OF CALCASIEU |
| JOSE PEREZ, GREGPOL EXPRESS, INC. AND TRISURA SPECIALTY INSURANCE COMPANY | STATE OF LOUISIANA |
| FILED ON JAN 2 6 2022 | Tempest Wyatt<br>DEPUTY CLERK<br>1 conf |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioners, **KAYLIN NICOLE LAFLEUR** and **JUSTIN MICHAEL DUHON**, persons of the full age of majority domiciled in Calcasieu Parish, Louisiana, appearing herein both individually and on behalf of their minor children, **J'KAYLIN MICAH DUHON, KAITLYN JADE DUHON,** and **JUSTIN MICHAEL DUHON, JR.**, who respectfully represent that:

1.

Named as Defendants herein are:

Date JAN 2 6 2022
Check # 42830
From Robichaux
Amt 600.00
Recd by [initials]

A. **TRISURA SPECIALTY INSURANCE COMPANY**, a foreign insurance company authorized to do and doing business in the State of Louisiana, which may be served through its registered agent for service of process, Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809;

B. **GREGPOL EXPRESS, INC.**, (hereinafter referred to as "GREGPOL"), a foreign corporation authorized to do and doing business in the State of Louisiana, which may be served through Louisiana Long Arm Statute, at 11101 NW 58th Place, Hialeah, Florida 33012; and

C. **JOSE PEREZ**, (hereinafter referred to as "PEREZ"), a person of the full age of majority domiciled in Miami, Florida, who can be served through Louisiana Long Arm Statute at 11430 SW 196th Terrace, Miami, Florida 33157.

All defendants referred to hereinafter collectively at times as "Defendants."

Filing Date: 01/26/2022 12:00 AM
Case Number: 2022-000293
Document Name: PETITION

Page Count: 7

-1-

PROCESSED
Date: FEB 1 4 2022

2.

This is an action resulting from a motor vehicle collision and the loss occurred in Calcasieu Parish, Louisiana. Venue is proper in the 14th Judicial District Court pursuant to Louisiana Code of Civil Procedure Article 76.

3.

At all times mentioned herein, **JOSE PEREZ** was acting in the course and scope of his employment with **GREGPOL EXPRESS, INC.** and was the operator of that certain vehicle described as a 2016 Kenworth 18 Wheeler bearing VIN 1XKYD49X4GJ475495 and Florida License Plate No. JC50WV, and pulling a 2017 HYTR SE trailer bearing Maine License Plate No. 3241912, which was owned by **GREGPOL EXPRESS, INC.**.

4.

As the operator of a commercial motor vehicle, **JOSE PEREZ** was required by law to have the knowledge and skills necessary to operate a tractor-trailer safely and abide by all Required Knowledge and Skills contained in 49 C.F.R. 383.110 and 49 C.F.R. 383.111.

5.

At all times mentioned herein, **KAYLIN NICOLE LAFLEUR** was the owner and operator of that certain vehicle described as a 2014 Ford Focus, bearing VIN 1FADP3N20EL281141 and Louisiana License Plate No. 10664433.

6.

**KAYLIN NICOLE LAFLEUR** and **JUSTIN MICHAEL DUHON** are husband and wife. Together they have three minor children, namely, **J'KAYLIN MICAH DUHON**, age 9, **KAITLYN JADE DUHON**, age 7, and **JUSTIN MICHAEL DUHON, JR.**, age 3.

7.

At all times mentioned herein, **TRISURA SPECIALTY INSURANCE COMPANY** had in full force and effect a policy of automobile liability insurance insuring **GREGPOL EXPRESS, INC.** and **JOSE PEREZ** for the liability asserted herein, and as such is liable in law for all damages sought herein.

8.

On or about the 19th day of November, 2021, the vehicle which Petitioner **KAYLIN NICOLE LAFLEUR** was operating and in which Petitioners, **J'KAYLIN MICAH DUHON**,

-2-

KAITLYN JADE DUHON, and JUSTIN MICHAEL DUHON, JR. were riding as guest passengers, was traveling west in the outside lane on Interstate 10 in Calcasieu Parish, Louisiana. The vehicle being driven by Defendant, **JOSE PEREZ** was traveling west in the center lane when suddenly and without warning, Defendant **JOSE PEREZ** changed lanes without first ascertaining that the right of way was clear thereby resulting in a collision between the two vehicles.

9.

**JOSE PEREZ** was a professional truck driver with a duty to follow the Federal Motor Carrier Safety Regulations and Louisiana law as well as the industry and corporate standards and guidelines emanating from these safety regulations and Louisiana law.

10.

As a professional truck driver **JOSE PEREZ** had a duty to operate his commercial vehicle in a safe and prudent manner in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of Petitioners and the motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from vehicles in front of him, and operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

11.

**JOSE PEREZ** breached those duties and is liable for his tortious acts and omissions, which include, but are not limited to, the following:

    a) In failing to see what he should have seen;

    b) In driving generally in a reckless and careless manner;

    c) Changing lanes without first ascertaining that the right of way was clear;

    d) In failing to notice the imminence of a crash and taking necessary steps to avoid the same;

    e) In failing to properly manage his space;

    f) In failing to yield the right of way:

    g) In failing to drive defensively;

    h) In operating a commercial motor vehicle while distracted; and

    i) Any other acts of negligence which may be revealed through discovery and proven at the trial of this case.

12.

At all relevant times, GREGPOL EXPRESS, INC. was and is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Louisiana.

13.

At all times material hereto, JOSE PEREZ was acting within the course and scope of his employment with GREGPOL EXPRESS, INC. As a result, GREGPOL EXPRESS, INC. is vicariously liable for the tortious acts and omissions of its employee JOSE PEREZ.

14.

As an employer, GREGPOL EXPRESS, INC. is also independently negligent in hiring, qualifying, training, entrusting, supervising, and retaining JOSE PEREZ in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent employer and motor carrier would under the same or similar circumstances.

15.

GREGPOL EXPRESS, INC. is independently negligent in failing to meet their duties and responsibilities under the Federal Motor Carrier Safety Regulations, other federal law and regulations, Louisiana law and industry standards.

16.

The proximate cause of the crash was the negligence of GREGPOL EXPRESS, INC. in the following non-exclusive particulars:

a) Negligent training of employee JOSE PEREZ on the safe operation of motor vehicles used in his employment;

b) Negligent hiring; and

c) Negligent supervision.

17.

As a result of the breaches of their respective duties by GREGPOL EXPRESS, INC. and JOSE PEREZ, Petitioners have received the following injuries:

**KAYLYN NICOLE LAFLEUR**

Petitioner, KAYLYN, sustained injuries to her body as a whole, consisting of, but not limited to, her back and in general to the muscles, ligaments, tendons, and other tissues of her cervical, thoracic, and lumbar spine.

-4-

#### J'KAYLIN MICAH DUHON

Petitioner, J'KAYLYN, sustained injuries to her body as a whole, consisting of, but not limited to the muscles, ligaments, tendons, and other tissues of her cervical, thoracic, and lumbar spine, and suffers with dizziness.

#### KAITLYN JADE DUHON

Petitioner, KAITLYN, sustained injuries to her body as a whole, consisting of, but not limited to the muscles, ligaments, tendons, and other tissues of her cervical, thoracic, and lumbar spine.

#### JUSTIN MICHAEL DUHON, JR.

Petitioner, JUSTIN, sustained injuries to his body as a whole, consisting of, but not limited to the muscles, ligaments, tendons, and other tissues of his cervical, thoracic, and lumbar spine.

18.

As a result of the collision and the injuries arising therefrom, Petitioners have suffered and is/are entitled to recover for the following items of damages:

#### KAYLYN NICOLE LAFLEUR

a) Past, present, and future medical expenses;
b) Past, present, and future physical pain and suffering;
c) Past, present, and future mental anguish, pain, and inconvenience;
d) Past, present, and future loss of enjoyment of life;
e) Past, present, and future lost wages and for loss of earning capacity;
f) Property damages to her vehicle;
g) All past, present, and future incidental and ancillary expenses incurred as a result of the damages to her vehicle, including, but not limited to, all rental fees, deductible amounts, storage fees, or any costs incurred inspecting the vehicle or preserving the vehicle for inspections;
h) Attorney fees, penalties, and costs; and
i) Legal interest.

#### JUSTIN MICHAEL DUHON

a) Past, present, and future loss of consortium, service, and society of his wife, Kaylyn Nicole Lafleur

#### J'KAYLIN MICAH DUHON

a) Past, present, and future medical expenses;
b) Past, present, and future physical pain and suffering;
c) Past, present, and future mental anguish, pain, and inconvenience;
d) Past, present, and future loss of enjoyment of life; and
e) Past, present, and future loss of consortium, service, and society of her mother, Kaylyn Nicole Lafleur.

**KAITLYN JADE DUHON**

a) Past, present, and future medical expenses;
b) Past, present, and future physical pain and suffering;
c) Past, present, and future mental anguish, pain, and inconvenience;
d) Past, present, and future loss of enjoyment of life; and
e) Past, present, and future loss of consortium, service, and society of her mother, Kaylyn Nicole Lafleur.

**JUSTIN MICHAEL DUHON, JR.**

a) Past, present, and future medical expenses;
b) Past, present, and future physical pain and suffering;
c) Past, present, and future mental anguish, pain, and inconvenience;
d) Past, present, and future loss of enjoyment of life; and
e) Past, present, and future loss of consortium, service, and society of her mother, Kaylyn Nicole Lafleur.

19.

Defendant, **TRISURA SPECIALTY INSURANCE COMPANY**, failed to initiate loss adjustment of Petitioner's property damage claim within fourteen (14) days of being placed on notice of that claim, in violation of La R.S. § 22:1892(A)(3) and is therefore liable for penalties in an amount not to exceed two times the damages sustained or $5,000.00, whichever is greater. *Hollier v. State Farm*, 2001-0592 (La. App. 3 Cir. 10/31/01), 799 So.2d 793 and La. R.S. 22:1973.

20.

Defendant, **TRISURA SPECIALTY INSURANCE COMPANY**, failed to make an offer to settle Petitioner's property damage claim within thirty (30) days in violation of La. R.S. § 22:1892(A)(4) and is therefore liable for a penalty equal to fifty (50%) percent damages on the amount found to be due, or $1,000.00, whichever is greater, as well as reasonable attorney fees and costs.

21.

At least one of the individual Petitioner's cause of action stated herein against the current Defendants exceeds fifty thousand dollars exclusive of interest and costs, and the damages are legally sufficient for federal court jurisdiction.

**WHEREFORE PETITIONERS PRAY** for the following relief:

I. Defendants be duly served with a copy of this petition, cited to appear and answer same;

II. After the lapse of all legal delays and after due proceedings are had there be judgment in favor of Petitioners and against Defendants, for such sums as may be reasonable under the circumstances of this case, together with

attorney fees, penalties, legal interest thereon from the date of judicial demand, until paid, and all costs of these proceedings;

III. For all other orders and decrees as may be required, necessary, and proper in these premises; and

IV. For all further and different relief as the facts, law, and equity of this case require.

Respectfully submitted,

ROBICHAUX, MIZE, WADSACK,
RICHARDSON & WATSON, L.L.C.

By: _____
N. CRAIG RICHARDSON, Bar Roll #23274
P.O. Box 2065
Lake Charles, Louisiana 70602-2065
Telephone:  (337) 433-0234
Facsimile:   (337) 433-8595
ncr@rmwlegal.com

**PLEASE SERVE THE DEFENDANTS AS OUTLINED IN PARAGRAPH ONE**